*In re* REGLAMENTO PARA DELINEAR LAS FUNCIONES DEL NEGOCIADO PARA LA ADMINISTRACIÓN DEL SERVICIO DE JURADO Y DISPONER LOS PROCEDIMIENTOS PARA LA SELECCIÓN DE JURADOS.

*Número:* ER-2004-5          *Resuelto:* 28 de mayo de 2004

## RESOLUCIÓN

En conformidad con el Art. 14 de la Ley Núm. 281 de 27 de septiembre de 2003, conocida como la Ley para la Administración del Servicio de Jurado de Puerto Rico, 34 L.P.R.A. sec. 1735*l*, se aprueba el Reglamento para Delinear las Funciones del Negociado para la Administración del Servicio de Jurado y Disponer los Procedimientos para la Selección de Jurados, que acompaña esta Resolución. Este Reglamento entrará en vigor el 1 de julio de 2004.

*Publíquese.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rebollo López no intervino.

(*Fdo.*) Patricia Otón Olivieri
*Secretaria del Tribunal Supremo*

## REGLAMENTO PARA DELINEAR LAS FUNCIONES DEL NEGOCIADO PARA LA ADMINISTRACIÓN DEL SERVICIO DE JURADO Y DISPONER LOS PROCEDIMIENTOS PARA LA SELECCIÓN DE JURADOS

### PRIMERA PARTE:  DISPOSICIONES GENERALES

*Artículo I–Título*

El presente reglamento se denominará Reglamento para Delinear las Funciones del Negociado para la Administración del Servicio de Jurado y Disponer los Procedimientos para la Selección de Jurados.

*Artículo II–Base jurídica*

El Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico dispone que en los procesos por delito grave el acusado tendrá derecho a que su juicio se ventile ante un jurado imparcial compuesto por doce vecinos del distrito, quienes podrán rendir veredicto por mayoría de votos, con la concurrencia de no menos de nueve de ellos. También existe el derecho a juicio por jurado por disposición estatutaria.

El derecho a juicio por jurado se rige, a su vez, por las disposiciones pertinentes de las Reglas de Procedimiento Criminal y la jurisprudencia interpretativa. De acuerdo con ésta, el derecho se garantiza cuando se ofrece la oportunidad de que el panel que sirva como juzgador de hechos sea representativo de la comunidad.

Los Arts. 2 y 14 de la Ley Núm. 281 de 27 de septiembre de 2003, denominada "Ley para la Administración del Servicio de Jurado de Puerto Rico", establecen que el Tribunal Supremo de Puerto Rico dispondrá mediante reglamento el procedimiento que se utilizará para preparar el registro matriz de jurado, la recusación total o parcial de dicho registro, la cualificación de las personas seleccionadas para el registro, la citación de tales personas, la adjudicación de las peticiones de excusa o diferimiento, la revisión judicial de las decisiones finales del Director o Directora del Negociado para la Administración del Servicio de Jurado, y preceptuar sobre los asuntos de personal, fiscales y el funcionamiento interno de este Negociado.

*Artículo III—Propósito*

El presente reglamento se promulga para establecer el procedimiento para la selección de las personas elegibles para servir como jurados, delinear las funciones del Negociado para la Administración del Servicio de Jurado y de su Director o Directora, y disponer sobre los asuntos de personal, fiscales y el funcionamiento interno.

*Artículo IV–Definiciones*

Los siguientes términos tendrán el significado que se expresa a continuación:

A. Base de datos — Agrupación computadorizada de posibles candidatos para ser seleccionados como jurados potenciales.

B. Candidato a jurado — Persona incluida en la lista de panel para servir como jurado en una Región Judicial.

C. Censo — Registro general de los habitantes de Estados Unidos de América y sus territorios efectuado por el Negociado del Censo de Estados Unidos (*United States Census Bureau*).

D. Descalificación permanente — Se refiere a la incompetencia manifiesta o absoluta determinada por el Director

o la Directora, o por el Juez o la Jueza a cargo del procedimiento.

E. Desinsaculación — Procedimiento mediante el cual los candidatos a jurado contenidos en la lista de panel se someten a un examen para determinar su capacidad para desempeñarse imparcialmente y libre de prejuicios.

F. Diferimiento — Procedimiento mediante el cual se pospondrá por un término específico el cumplimiento con la obligación del servicio de jurado.

G. Director o Directora — Persona encargada de administrar el Negociado para la Administración del Servicio de Jurado.

H. Dispensa — Causa legal que sirve de base para eximir temporalmente de la obligación del servicio de jurado.

I. Exención — Privilegio personal que, por disposición de ley, exime de la obligación de servir como jurado mientras persista la condición particular que la motiva.

J. Jurado — Cuerpo compuesto por doce candidatos cualificados debidamente juramentados como integrantes del panel que servirá como juzgador de hechos en un proceso penal.

K. Jurados potenciales — Personas elegibles incluidas en la base de datos, que servirá para preparar el registro matriz, por medio de selección aleatoria.

L. Lista de panel — Lista aleatoria preparada a solicitud de la sala de asuntos de lo criminal cuando se requiera un número estimado de candidatos a jurado en una determinada Región Judicial.

M. Negociado — Negociado para la Administración del Servicio de Jurado de Puerto Rico. Oficina responsable de la administración del servicio de jurado en Puerto Rico.

N. Integrante del jurado — Candidato cualificado que ha sido juramentado finalmente para ejercer la función de jurado en una sala del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico.

O. Recusación — Procedimiento mediante el cual el tribunal dispensará del servicio a un candidato a jurado durante el procedimiento de desinsaculación o a un panel por las causas y mediante los procedimientos dispuestos por las Reglas de Procedimiento Criminal.

P. Relevo de servicio — Procedimiento por el cual un candidato a jurado o un candidato cualificado será eximido del servicio por un término de cinco años, si compareciese mediante citación y no fuese seleccionado para participar en un procedimiento de desinsaculación o para actuar como jurado en un proceso penal ese día.

Q. Región Judicial — Unidad administrativa principal del Tribunal de Primera Instancia. Cubre una demarcación territorial dispuesta por la ley y está constituida por un centro judicial, sede de la administración regional, y por otras salas del Tribunal de Primera Instancia correspondientes a los distintos municipios que la integran.

R. Registro matriz de la Región Judicial — Agregado de la selección aleatoria de jurados potenciales de todos los pueblos comprendidos en una Región Judicial particular.

S. Revisión judicial — Derecho de toda persona de acudir al tribunal para impugnar la determinación final del Director o Directora del Negociado.

T. Selección aleatoria — Procedimiento mediante el cual se lleva a cabo una selección de jurados potenciales para ser incluidos en el registro matriz, donde se garantiza que cada persona que cumpla con los criterios de elegibilidad tendrá las mismas oportunidades de ser escogido.

U. Servicio de jurado — Término por el cual un candidato a jurado deberá estar disponible para ser examinado en procedimientos de desinsaculación. De ser juramentado preliminarmente para procedimientos de desinsaculación o juramentado como integrante del jurado, la obligación de servicio se extenderá durante el tiempo de duración del *voir dire* o del proceso penal, según sea el caso.

V. Tribunal de Primera Instancia — Tribunal de jurisdicción original general con autoridad para actuar en nombre de y por la autoridad del Estado Libre Asociado de Puerto Rico, en todo procedimiento judicial civil o criminal. Constituye el foro de primer acceso de los ciudadanos de Puerto Rico al sistema judicial.

## SEGUNDA PARTE: NEGOCIADO PARA LA ADMINISTRACIÓN DEL SERVICIO DE JURADO DE PUERTO RICO

### *Artículo V — Organización operacional del Negociado*

El Negociado estará administrado por un Director o una Directora, quien será nombrado o nombrada por el Juez Presidente o la Jueza Presidenta del Tribunal Supremo de Puerto Rico. El puesto de Director o Directora del Negociado estará incluido en el Servicio Central.

### *Artículo VI — Funciones del Negociado*

A. Crear, mantener, actualizar y depurar un registro matriz de jurados potenciales para el servicio de jurado para cada Región Judicial.

B. Desarrollar la programación necesaria para establecer la base de datos de los jurados potenciales para el servicio de jurado y mantenerla actualizada.

C. Determinar junto con la División de Estadísticas los criterios para segregar aleatoriamente las listas de jurados potenciales para el servicio de jurado que se remitirán a las salas del Tribunal de Primera Instancia, según las soliciten.

D. Administrar todos los aspectos relacionados con el servicio de jurado.

### *Artículo VII — Funciones del Director o de la Directora*

El Director o la Directora del Negociado tendrá, entre otras, las funciones y responsabilidades siguientes:

A. Implantar la política pública sobre la institución del jurado en Puerto Rico en conformidad con la Constitución del Estado Libre Asociado de Puerto Rico, las leyes, las reglas y los reglamentos vigentes.

B. Requerir a cualquier departamento, agencia, junta, comisión, instrumentalidad o corporación del Estado Libre Asociado de Puerto Rico o de sus municipios, de cualquier entidad privada que preste servicios por delegación, licencia o contrato del Estado Libre Asociado de Puerto Rico o de sus municipios, o de cualquier otro programa o servicio gubernamental, que suministren libre de costo copia de los registros de las personas a su cargo.

C. Ser responsable de la preparación del registro matriz de jurados, utilizando un método en el cual la selección de las personas que integren el registro sea aleatoria.

D. Ser responsable de que se evalúen los cuestionarios devueltos por los jurados potenciales a tenor de los criterios de elegibilidad para servir como jurado y pasar juicio, en primera instancia, de las solicitudes de exención.

E. Establecer el número de jurados que compondrán el registro matriz de cada Región Judicial y suplir las listas de los paneles de jurados de acuerdo con las necesidades que se determinen para cada una de las Regiones Judiciales.

F. Certificar las listas de panel o paneles de jurados que soliciten las diversas Regiones Judiciales.

G. Ser responsable de la revisión o actualización periódica del registro matriz de jurados potenciales en lapsos que no sean mayores de tres años.

H. Ser responsable de que se prepare un proceso para emitir listas de panel o paneles de jurado por medios manuales que se utilice en caso de emergencias, desastres naturales u otras situaciones en que no sea posible emitir listas de paneles de jurados del sistema computadorizado.

I. Desarrollar una programación para la base de datos de los jurados potenciales para servicio como jurado.

J. Dirigir, supervisar, planificar, organizar y coordinar las funciones administrativas del Negociado.

K. Recibir, controlar y canalizar, en conformidad con la reglamentación y los procedimientos vigentes, las solicitudes de listas de jurados potenciales requeridas por los Jueces y las Juezas que presidan los casos que se ventilarán ante un Jurado.

L. Interpretar y asesorar sobre la reglamentación, las normas y los procedimientos vigentes sobre el servicio como jurado, así como su aplicación a los asuntos administrativos.

M. Someter las recomendaciones que considere necesarias para enmendar la reglamentación, las normas y los procedimientos vigentes.

N. Orientar a los ciudadanos que hayan sido citados para prestar servicios como jurado, o que hayan prestados los servicios como tal, cuyos patronos no hayan cumplido con los requerimientos de la Ley Núm. 281 de 27 de septiembre de 2003 sobre las acciones civiles que pueden presentar.

O. En conformidad con la Ley Núm. 36 de 13 de junio de 1958, según enmendada, comparecer al Tribunal de Primera Instancia en representación del Director Administrativo o Directora Administativa de los Tribunales para exigir el cumplimiento con la Ley Núm. 281 de 23 de septiembre de 2003.

P. Coordinar con los Secretarios o las Secretarias Regionales los asuntos relacionados con los jurados correspondientes a las Regiones Judiciales.

*Artículo VIII — Asuntos de personal, procesos fiscales y procedimientos para el funcionamiento interno*

Los asuntos de administración de recursos humanos del Negociado se regirán por la reglamentación que esté vi-

gente para el personal de la Oficina de Administración de los Tribunales.

Los procesos fiscales que lleve a cabo el Negociado se llevarán en conformidad con las normas de contabilidad pública generalmente aceptadas, según expresadas en la reglamentación vigente en la Oficina de Administración de los Tribunales. El pago de los honorarios, los gastos de transportación y los gastos de alimentación o dietas a que tengan derecho las personas que presten servicio como jurado, se efectuarán según establece el Reglamento de Honorarios, Gastos de Viaje y Dietas para Jurados y Testigos, de 28 de enero de 1971, según enmendado.

El Director Administrativo o la Directora Administrativa de los Tribunales dispondrá los procedimientos para el funcionamiento interno del Negociado.

## TERCERA PARTE: PROCEDIMIENTO PARA LA SELECCIÓN DE JURADOS

*Artículo IX — Implantación del sistema de selección aleatoria*

El escogido de jurados se llevará a cabo mediante un procedimiento de selección aleatoria que garantice una participación representativa de la comunidad de acuerdo con el alcance constitucional del derecho a juicio por jurado.

La Oficina de Administración de los Tribunales deberá diseñar un sistema computadorizado que garantice el cumplimiento con los criterios de representatividad y aquellos de elegibilidad que sean establecidos por ley.

*Artículo X — Creación de la base de datos*

El Director o la Directora del Negociado será responsable de mantener una base de datos que contenga información sobre los jurados potenciales. Dicha base de datos se obtendrá de cualquier departamento, agencia, junta, comisión, instrumentalidad o corporación del Estado Libre Aso-

ciado de Puerto Rico o de sus municipios, de cualquier entidad privada que preste servicios por delegación, licencia o contrato del Estado Libre Asociado de Puerto Rico o de sus municipios, y de cualquier otro programa o servicio gubernamental.

*Artículo XI — Actualización de la base de datos*

La base de datos de los jurados potenciales se actualizará y depurará en el término que considere apropiado el Director o la Directora del Negociado, pero dicho término no podrá ser mayor de tres años.

*Artículo XII — Preparación del registro matriz*

El Director o la Directora del Negociado, en coordinación con el Jefe o la Jefa de la División de Estadísticas de la Oficina de Administración de los Tribunales, determinará los criterios con base científica que garanticen una selección aleatoria, mediante los cuales se preparará el registro matriz de los jurados potenciales que se utilizarán para servir en las Regiones Judiciales en que se subdivide el Tribunal de Primera Instancia.

El Director Administrativo o la Directora Administrativa de los Tribunales, previa recomendación del Director o de la Directora del Negociado, establecerá el porcentaje de preselección de los jurados potenciales que se seleccionarán de cada municipio comprendido en cada una de las Regiones Judiciales del Tribunal de Primera Instancia. El porcentaje de preselección se determinará tomando como base la población certificada en el último censo del Negociado del Censo de Estados Unidos (*United States Census Bureau*), en conformidad con las necesidades particulares de cada Región Judicial.

El registro matriz de los jurados potenciales para el servicio de jurado para cada una de las Regiones Judiciales se establecerá de la manera siguiente:

A. Como selección inicial, para cada municipio comprendido en cada una de las Regiones Judiciales se extraerá aleatoriamente del sistema computadorizado el porcentaje de preselección ya establecido de los jurados potenciales.

B. El registro matriz correspondiente a cada una de las Regiones Judiciales quedará constituido por el agregado de la selección aleatoria de los jurados potenciales de todos los pueblos comprendidos en cada Región Judicial particular.

C. El Director o la Directora del Negociado enviará un cuestionario a los jurados potenciales preseleccionados aleatoriamente de todos los municipios comprendidos en cada una de las Regiones Judiciales, indicando un término para devolverlo debidamente contestado. El Director o la Directora enviará nuevamente el cuestionario a los jurados potenciales que no los hayan devuelto, apercibiéndoles de las penalidades que impone la Ley para la Administración del Servicio de Jurado de Puerto Rico.

D. El Negociado evaluará los cuestionarios que sometan los jurados potenciales para el servicio de jurado. Los jurados potenciales cuyas respuestas reflejen que cumplen con los requisitos para el servicio de jurado establecidos en la ley habilitadora del Negociado, permanecerán en el registro matriz.

E. El Director o la Directora del Negociado pasará juicio sobre los cuestionarios devueltos, en los cuales los jurados potenciales hayan expresado alguna razón que les impide cumplir con su deber de servir como jurado. El Director o la Directora del Negociado eximirá o diferirá la obligación del servicio de jurado a todos aquellos jurados potenciales que hayan acreditado fehacientemente su incapacidad para servir como jurado, tal como lo autoriza la Ley para la Administración del Servicio de Jurado de Puerto Rico.

F. Si prevalece la decisión del Director o la Directora, en conformidad con los procedimientos establecidos por este reglamento, la persona permanecerá en el registro matriz.

*Artículo XIII — Cualificación de los jurados potenciales para servicio de jurado*

El análisis de todo jurado potencial para el servicio de jurado se efectuará en conformidad con los criterios establecidos en la Ley para la Administración del Servicio de Jurado.

*Artículo XIV — Solicitudes de excusa o diferimiento*

Los jurados potenciales que reciban el cuestionario de cualificación podrán solicitar una excusa o un diferimiento de la obligación del servicio como jurado si acompañan el cuestionario con la prueba fehaciente que justifique las razones reconocidas por la ley.

Si el o la solicitante no estuviera conforme con la decisión del Director o la Directora del Negociado, así lo hará constar y este último o esta última le entregará el formulario al o a la solicitante y le orientará para que lo presente al tribunal.

Si al momento de ser citado para servir como jurado, al candidato o a la candidata le hubiera sobrevenido una situación que pudiera constituir una causal de dispensa o exención, podrá solicitar al tribunal excusa o diferimiento del servicio, conforme a las disposiciones de las Reglas de Procedimiento Criminal.

*Artículo XV — Solicitud de paneles de jurados*

A. Siempre que el Juez o la Jueza que presida una Sala Superior de lo Criminal lo requiera, dictará una Orden en la que solicite el número de jurados que estime necesarios. Dicha Orden se notificará al Director o a la Directora del Negociado por facsímile o mediante el medio más rápido que esté disponible.

B. El Director o la Directora del Negociado extraerá del registro matriz, para la Región Judicial donde está la Sala solicitante, una lista aleatoria del número de jurados requeridos y la certificará, expresando que ésta cumple con todos los requisitos de la Constitución del Estado Libre

Asociado de Puerto Rico, las leyes y la reglamentación vigente. La certificación emitida por el Director o la Directora del Negociado se archivará en el expediente del caso correspondiente y una copia se conservará en el Negociado.

C. La lista del panel o paneles de jurados contendrá el nombre completo de cada candidato para ser jurado y el municipio de su residencia.

D. El Director o la Directora del Negociado remitirá la lista del panel o paneles de jurados, y las citaciones correspondientes a la Sala Superior solicitante por el medio más rápido y accesible disponible.

E. La Región Judicial que solicitó la lista del panel o paneles de jurados será responsable de diligenciar la citación de los candidatos a jurado enumerados en ella por los medios más rápidos que tenga disponibles.

*Artículo XVI — Vigencia del registro matriz*

El Director Administrativo o la Directora Administrativa de los Tribunales, previa recomendación del Director o de la Directora del Negociado, establecerá el término de vigencia del registro matriz para cada una de las Regiones Judiciales. El Director o la Directora del Negociado determinará el lapso, antes de la expiración de la vigencia del registro matriz, en que se comenzará el proceso para establecer el nuevo registro matriz.

No obstante, en cualquier momento en que el Director o la Directora del Negociado considere que el número de jurados potenciales restantes en el registro matriz de una Región Judicial específica no es suficiente para satisfacer las solicitudes de listas de paneles de jurados, podrá iniciar el proceso para establecer un nuevo registro matriz para esa Región Judicial particular.

*Artículo XVII — Recusación parcial o total del registro matriz*

Toda recusación se regirá por las Reglas de Procedimiento Criminal.

## CUARTA PARTE: REVISIÓN JUDICIAL DE LAS DECISIONES

*Artículo XVIII — Revisión judicial*

En conformidad con lo dispuesto en el Art. XIV de este Reglamento, la decisión final del Director o de la Directora del Negociado podrá ser revisada por el Juez designado o la Jueza designada para atender dichos asuntos en la Región Judicial correspondiente dentro del término de cinco días laborables a partir de la fecha en que se notifique la decisión.

*Artículo XIX — Vigencia*

Este Reglamento comenzará a regir a partir del 1 de julio de 2004.